FILED
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**October 22, 2025**

_____

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

　　Plaintiff - Appellee,

v.

ELVY CHARLES STICKNEY,

　　Defendant - Appellant.

No. 25-8053
(D.C. No. 1:25-CR-00104-KHR-1)
(D. Wyo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BACHARACH**, **PHILLIPS**, and **EID**, Circuit Judges.
_____

In July 2025, a grand jury in the District of Wyoming indicted Elvy Charles

Stickney on three charges:  two counts of distribution of child pornography in

violation of 18 U.S.C. § 2252A(a)(2)(A), and one count of possession of child

pornography in violation of 18 U.S.C. § 2252A(a)(5)(B).  The district court ordered

his pretrial detention.  Mr. Stickney appeals.  Exercising jurisdiction under 28 U.S.C.

§ 1291 and 18 U.S.C. § 3145(c), we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  _See_ Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## I. LAW GOVERNING PRETRIAL DETENTION

The Bail Reform Act allows pretrial detention only if "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e)(1). The detention decision must account for four factors:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a minor victim . . . ;
> (2) the weight of the evidence against the person;
> (3) the history and characteristics of the person . . . ; and
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*Id.* § 3142(g).

If the court finds there is probable cause to believe that the defendant committed certain enumerated offenses, including, as here, an offense involving a minor victim under 18 U.S.C. § 2252A(a)(2), there is a presumption that no condition or conditions will reasonably assure the defendant's appearance and the safety of the community. *See id.* § 3142(e)(3)(E). The defendant may rebut that presumption by producing "some evidence" that he is not a flight risk and that he does not pose a danger to the community. *United States v. Stricklin*, 932 F.2d 1353, 1355 (10th Cir. 1991). Even if the defendant rebuts it, the presumption remains a factor in the court's detention decision. *Id.* at 1355. The government must prove flight risk by a preponderance of the evidence, and it "must prove dangerousness to any other person

or to the community by clear and convincing evidence." *United States v. Cisneros*, 328 F.3d 610, 616 (10th Cir. 2003).[1]

## II.  BACKGROUND

After the grand jury indicted Mr. Stickney, the probation office filed a pretrial services report, which recommended his pretrial release with conditions.  The government argued for pretrial detention.  After a hearing, a magistrate judge ordered that Mr. Stickney be released under conditions pending trial.  The government appealed.  The district court then held a hearing and, after reviewing the matter de novo, reversed the magistrate judge's release order.

The district court first determined Mr. Stickney's distribution of child pornography charges triggered the presumption that release conditions could not reasonably assure his appearance or community safety.  It then found Mr. Stickney had proffered sufficient evidence to rebut the presumption but noted that the presumption remained a factor in its pretrial detention assessment.  Next, the court determined that each of the four § 3142(g) factors weighed in favor of detention.  Ultimately, the district court said that, given those factors and the totality of the circumstances unique to Mr. Stickney, no condition or combination of conditions could reasonably assure community safety.  It therefore concluded the government had proved by clear and convincing evidence that Mr. Stickney's threat to community safety required detention.  Mr. Stickney timely appealed.

---

[1] Flight risk is not an issue in this appeal.

### III.  DISCUSSION

"[W]e accept the district court's findings of historical fact . . . unless they are clearly erroneous."  *Cisneros*, 328 F.3d at 613.  We review de novo the district court's application of the law to the facts, including the ultimate detention decision. *See id.*

Mr. Stickney contends the district court "provided no reasoned explanation as to why conditions could not be fashioned to mitigate [his] dangerousness to the community."  Aplt. Mem. Br. at 10.  Section 3142(g) provides, "in determining whether there are conditions of release that will reasonably assure the appearance of the person as required and the safety of any other person and the community, [the judicial officer shall] take into account the available information concerning" the four factors.  As discussed below, the district court did just that.  It determined that each of the § 3142(g) factors weighed in favor of detention, and therefore concluded that no release condition or combination of conditions could reasonably assure community safety.

We disagree with Mr. Stickney's argument that the district court "failed to make adequate factual findings to justify [his] detention pending trial."  Aplt. Mem. Br. at 9.  The district court made detailed factual findings as to the four § 3142(g) factors and Mr. Stickney has not shown that any of those findings were clearly erroneous.

In determining the nature and circumstances of the offenses weighed in favor of detention, the district court said that the two distribution charges triggered the

4

statutory presumption of detention and all three of the charges were for serious child pornography offenses with serious consequences.

Regarding the weight of the evidence, the district court found "there were about 1400 images recovered from [Mr. Stickney's] devices, indicating the presence of child pornography." Aplt. App. vol. II at 142. The district court further explained that "Mr. Stickney's alleged conduct came from a couple of separate cybertips, one involving the Kik application, later a Snapchat application. Certainly, there was commonality . . . in terms of email addresses, IP addresses, locations and conduct." *Id.* at 141. It then found there was "no doubt, as alleged, the images and videos that were obtained as a result of those tips were child pornography." *Id.* And concluded "the weight of the evidence against Mr. Stickney is rather strong" and "weighs in favor of detention." *Id.* at 143.

The district court also made comprehensive findings regarding Mr. Stickney's history and characteristics and the nature and seriousness of the risk his release posed to the community. It first highlighted Mr. Stickney's history of mental health issues, including his significant childhood diagnoses (manic depression, post-traumatic stress disorder, and severe anxiety), the two years he spent in an inpatient mental health facility, his more recent diagnosis of reactive detachment disorder, and his history of self-medicating with marijuana. The district court found that although a work-related injury explained one of his employment gaps, there were other gaps in Mr. Stickney's employment history "from Colorado to Vermont to Wyoming" that were part of "a somewhat transient pattern of housing, living, and working." *Id.*

5

at 146. And he had "really no ties to . . . Wyoming" beyond his romantic relationship. *Id.*

It found Mr. Stickney's criminal history (a recent driving under the influence offense and an old domestic violence offense) "fairly nominal." *Id.* at 147. But Mr. Stickney had three uncharged yet questionable encounters with minor girls, the district court said. And those encounters showed a serious risk of dangerousness, especially when considered with the pending charges and evidence of "very detailed and certainly concerning" chat statements he allegedly made about minor girls. *Id.* at 144. The district court properly concluded that these circumstances "require[d] a finding that [his] release could result in further criminal activity pending trial." Aplt. App. vol. I at 61–62.

In sum, the district court correctly concluded that no conditions would reasonably assure community safety if Mr. Stickney were released.

## IV.  DISPOSITION

We affirm the district court's detention order.

Entered for the Court

Per Curiam